# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| GREGORY PAUL VIOLETTE, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:20-cv-459-DBH |
| | ) | |
| DISH NETWORK, LLC, | ) | |
| | ) | |
| DEFENDANT | ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

The plaintiff has sued an internet provider. He filed his Complaint in the Maine Superior Court, and the defendant removed it to this Court based upon diversity of citizenship. The defendant has moved to dismiss for failure to state a claim. Because the plaintiff is proceeding without a lawyer, I construe his pleadings liberally, with less stringent standards than for a lawyer. See Erickson v. Pardus, 551 U.S. 89 (2007).

The Complaint charges the defendant with "false advertising and . . . poor dealing with their customers." Pl.'s Compl. at 1 (ECF No. 1-1). The factual allegations are that in 2018 the plaintiff ordered and was billed for the defendant's services, and that the defendant "advertised that their Internet was BLAZING-FAST and it was NOT, it was really slow." The Complaint provides no more detail about speed. There is no claim of actual damages, but the plaintiff requests punitive and exemplary damages and asks that the defendant "stop their false advertising."

The plaintiff does not mention what law he thinks is violated by the "false advertising." I have considered Maine's common law tort law, as well as Maine's Unfair Trade Practices Act, 5 M.R.S. § 205-A et seq., and Uniform Deceptive Trade Practices Act, 10 M.R.S. § 1211 et seq.

Even under a liberal reading of the Complaint, I conclude that it lacks "enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) (cleaned up). It does not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff is certainly unhappy with his internet service, but he has not asserted factual information to support his criticism objectively or the defendant's responsibility. I do not know what "really slow" means, how the defendant's speed compares to others, whether there are standards against which the plaintiff is measuring his service, how he has been damaged, etc.[1]

The defendant's motion to dismiss for failure to state a claim is **GRANTED.**

**SO ORDERED.**

**DATED THIS 15TH DAY OF JANUARY, 2021**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] I do not consider a document that the plaintiff attached to his opposition to the defendant's motion to dismiss, (ECF No. 8-1), because it is not appropriate on a Rule 12(b)(6) motion for failure to state a claim. (It appears to be an advertisement on a cash register receipt from Family Dollar in August 2020 that contains the "BLAZING-FAST" description. The defendant argues that it shows the plaintiff has sued the wrong defendant.)

2